DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiffs-appellants Kenneth and Betty Bryant appeal the judgment in favor of defendant-appellee the Village of Winchester. We affirm.
 {¶ 2} The Bryants' sole assignment of error is that the trial court's judgment was contrary to law and against the manifest weight of the evidence.
 {¶ 3} The Bryant family has owned a residence near a cemetery in Winchester for many years. There are two ways to reach the Bryant residence: a road around the cemetery and a road through the cemetery. This dispute concerns the duty to maintain the latter. This is not the first dispute over that particular stretch of road.
 {¶ 4} In 1990, the Adams County Common Pleas Court ordered that Winchester had a duty to maintain the same road "through the cemetery to the place where it turns to go back to Plaintiffs['] residence."
 {¶ 5} But the road turns in two places. The first bend is inside the cemetery's border, but apparently beyond the area that the cemetery uses. The second bend is outside the cemetery, on the Bryants' property. The Bryants sued Winchester 13 years after the 1990 order to determine which bend the order referred to. The Bryants now argue that the "place where [the road] turns to go back to" their residence is the second bend, which is closer to the Bryant residence. Winchester argues that the order refers to the first bend. The trial court agreed with Winchester.
 {¶ 6} We may not reverse any judgment as being against the weight of the evidence as long as it is supported by some competent, credible evidence going to all the essential elements of the case.[1]
 {¶ 7} In addition to ambiguously delineating Winchester's obligation to maintain the roadway, the 1990 order stated that "the Defendants [including Winchester] have brought the road way in question to standard and that the parties are satisfied with the same." So the status of the maintenance of the road in 1990 would reflect the meaning of the 1990 order.
 {¶ 8} Two witnesses testified at trial that Winchester had always maintained the road to the first bend. And a member of the Bryant family put a gate on the Bryant side of the first bend. Therefore, Winchester maintained the road to the first bend in 1990.
 {¶ 9} The Bryants tried to argue that several culverts along the stretch of road between the two bends indicated Winchester's maintenance of the road. But those culverts were constructed long before 1990 and have no bearing on this case.
 {¶ 10} In reviewing the entire record of this case, we hold that there was competent, credible evidence to support the trial court's decision. We therefore overrule the Bryants' sole assignment of error and affirm the trial court's judgment.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover costs from appellants.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.
[1] C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578.